IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICKEY ROSE, Individually,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>a foreign corporation;<br>HOME DEPOT U.S.A., INC.,<br>a foreign corporation;<br>The Home Depot, Inc.,<br>a foreign corporation;<br>ABC INC., a presently unknown<br>domestic or foreign business entity;<br>XYZ INC., a presently unknown<br>domestic or foreign business entity;<br>and JOHN DOE,<br><br>    Defendants. | Case No. CIV-24-589-SLP |

**************************************************************************

## PARTIAL MOTION TO DISMISS BY HOME DEPOT U.S.A., INC.

Defendant Home Depot U.S.A., Inc. ("Home Depot") moves for an order from this Court dismissing Plaintiff's negligence and strict product liability claims against it under Fed. R. Civ. P. 12(b)(6). Defendant Home Depot offers the following brief in support.

### INTRODUCTION

This lawsuit arises from purported injuries sustained by Plaintiff from a fall, caused by an allegedly defective refrigerator freezer door/drawer handle. Specifically, according to Plaintiff, "[He] [] struck his body/face against the

counter and fell to the ground" when he "attempted (as usual) to open [his] refrigerator's freezer door/drawer...." *See* Doc 1-2, Plaintiff's Complaint [1], ¶¶ 11 – 16. According to the Complaint, Plaintiff purchased the subject GE refrigerator from Defendant Home Depot on November 6, 2020. *Id.*, ¶ 11. Then, an "agent and/or employee and/or representative and/or independent contractor" of Home Depot delivered and set up the refrigerator at his home on November 12, 2020. *Id.*, ¶ 12. Summarily, and without any factual enhancement, Plaintiff claims that the subject refrigerator was not properly and/or reasonably installed in Plaintiff's home. *Id.*, ¶ 13. Plaintiff seemingly used the refrigerator without any issue between delivery and December 11, 2021, when he attempted to use the handle that became detached and allegedly caused his injuries. *Id.*, ¶¶ 14 – 15.

On April 19, 2022, the Complaint states that either General Electric Company and/or Home Depot issued a recall notice concerning defective handles that were designed and/or manufactured and/or sold by General Electric Company. *Id.*, ¶ 17. Without more, Plaintiff asserts that both General Electric Company and Home Depot previously knew about the defective handles.

---

[1] Plaintiff filed this lawsuit in the District Court of Canadian County. The case was removed to this Court on June 7, 2024. *See* Doc. 1. For purposes of clarity, the "Petition" will be referred in this Motion as the "Complaint."

Based on those bare, conclusory allegations, Plaintiff seeks to hold Home Depot liable for negligence and in strict products liability. However, as argued further below, Plaintiff's Complaint fails to state a claim against Home Depot. The Complaint is merely comprised of conclusory allegations, and a mechanical recitation of the elements of the relevant causes of action.

## ARGUMENTS AND AUTHORITIES

As the Court knows, survival from a 12(b)(6) motion requires the Complaint to contain enough facts to state facially plausible claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The quality of these factual allegations must create more than speculation about the plaintiff's chances of recovery. *Id*. If the complaint contains only boilerplate labels and conclusory allegations, dismissal is proper because "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Escobar v. Mora*, 496 Fed. App'x. 806, 816 (10th Cir. 2012) (citing *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009)).

Critically, and relevant here, the Court need not accept as true plaintiffs' conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a complaint fails to "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" *Twombly*, 550 U.S. at 557, "'this basic deficiency

should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id*. at 558 (internal citations omitted). A court thus should insist upon specificity in pleading before allowing a potentially massive discovery to proceed. *Id*. That is, discovery is for finding "details" of a case, not for trying to create a case. *Id*. at 560 n. 6.

## I. NEGLIGENCE

As stated above, Plaintiff only alleged that Defendant Home Depot "delivered and set up" the subject refrigerator. *See* Doc. 1-2, ¶ 12. Notably, there is no allegation that Defendant Home Depot assembled the component parts of the refrigerator, or any specific allegation that Home Depot was in any way involved in the manufacturing process. Thus, on the face of the Complaint, Home Depot delivered and set up a refrigerator, and nothing more. Plaintiff then, without any explanation or facts, asserts Home Depot failed to properly and/or reasonably install the refrigerator. It is unclear how Home Depot is liable for any injuries, as the entire basis of Plaintiff's lawsuit stems from what Plaintiff alleges was a defective freezer door/drawer handle that became detached.

As such, Plaintiff has failed to sufficiently allege the fundamental elements of a negligence claim against Home Depot. How did Home Depot (or its employee/agent/contactor) cause the alleged injuries? Moreover, how did Home Depot fail to properly and/or reasonably install the refrigerator? What

does that have to do with the defective handle? More importantly, what is the causal link between Home Depot's conduct and a defective refrigerator drawer handle that failed over a year later? Plaintiff does not say.

"'Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation.'" *Recker v. C.R. Bard, Inc.*, 491 F. Supp. 3d 1029, 1032 (W.D. Okla. 2020) (quoting *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015)). The Complaint contains approximately *three* factual paragraphs concerning Home Depot. *See* Doc. 1-2, ¶¶ 11 – 13. Otherwise, Plaintiff's allegations are a generic recitation of the elements of negligence, without providing the necessary *facts*.

Even a cursory examination of the allegations raise the question of what causal connection Home Depot has with the alleged injuries. With respect to causation, Restatement (Second) of Torts § 431 cmt. a (1965) provides that in order for a defendant's conduct to be a substantial factor in bringing about the harm, the conduct must be such "as to **lead reasonable men to regard it as a cause**, using that word in the popular sense, in which there always **lurks the idea of responsibility**…." (emphasis added). Moreover, the conduct must be a proximately related so that it did not have a *negligible effect* in bringing about the harm. "It is **only where the evidence permits a reasonable finding that the defendant's conduct had some effect** that the question

whether the effect was substantial rather than negligible becomes important." Restatement (Second) of Torts § 431 cmt. b (1965) (emphasis added).

Additionally, to the extent the negligence action against Home Depot is based on the defective product (as opposed to Home Depot's independent conduct), that claim also fails. In Oklahoma, liability of product sellers in cases alleging injury from a product is governed by statute. Okla. Stat. tit. 76, § 57.2 sets forth the circumstances which must be present for a court to find a seller liable, whether the claim sounds in negligence or strict liability. These changes add elements to the causes of action plaintiffs must meet, not merely providing an affirmative defense. *Shelton v. Sha Ent., LLC*, No. CIV-20-644-D, 2020 WL 6389858, at *2 (W.D. Okla. 2020).

Specifically, Okla. Stat. Ann. tit. 76, § 57.2(G) sets forth the required elements of a negligence claim against a product seller. Instead of the broader elements of general negligence, a plaintiff must establish:

1. The product seller sold the product involved in such action;

2. The product seller did not exercise reasonable care:

   a. in assembling, inspecting, or maintaining such product, or

   b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and

3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

While the Complaint alleges that Home Depot sold the product, Plaintiff has failed to allege how Home Depot did not exercise reasonable care. Specifically, the Complaint alleges that, *inter alia*, Home Depot had previously known about the alleged defect but failed to "take reasonable and/or adequate steps to remedy, recall, and/or warn…." *See* Doc. 1-2, ¶ 17. However, the allegations do not state that Home Depot negligently assembled, inspected or maintained the product. And, the Complaint only in the vaguest, most conclusory terms alleges that Home Depot (and General Electric Company) "previously kn[ew]" about the defective handle when it issued a recall approximately 4 months after the incident. *Id.*, ¶ 17. What is missing is any sufficient allegation about *when* Home Depot knew.

In sum, Plaintiff's Complaint just contains "labels of conclusions," and a "formulaic recitation of the elements of a cause of action" for negligence, which is not enough to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Said differently, Plaintiff's Complaint contains no facts whatsoever that would "nudge" Plaintiff's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Plaintiff's negligence claim against Home Depot should be dismissed.

## II.   PRODUCTS LIABILITY

As noted in the preceding section, the Oklahoma legislature has afforded statutory protections to non-manufacturer sellers such as Home Depot for actions based on strict products liability.

Okla. Stat. tit. 76, § 57.2(E) provides:

***No product liability action may be asserted against a product seller other than the manufacturer, unless***:

1.  The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2.  The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3.  The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4.  The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5.  The manufacturer is not subject to service of process under the laws of the state; or

6.  The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

The Complaint lacks any allegation that Home Depot exerted substantial control over the design, testing, manufacture, packaging or

labeling of the refrigerator (or handle), or that Home Depot altered or modified the refrigerator (or handle). Moreover, there are no allegation that Home Depot made any express warranty as to the refrigerator. Rather, the Complaint vaguely claims "Defendants, one and/or some and/or all of the contained [sic] an express and/or implied warranty that the said refrigerator unit would not be defective or unreasonably dangerous." *See* Doc. 1-2, ¶ 45. And, this is not a case in which Plaintiff cannot identify or serve the manufacturer of the product. Indeed, in its Motion to Dismiss, General Electric Aviation has now identified the companies which acquired GE Appliances prior to the relevant time period at issue herein and manufactured the product at issue. [Doc. 5].

Plaintiff simply has not alleged sufficient (or any) facts regarding Home Depot's conduct that would remove the protections afforded to it as an innocent seller under Okla. Stat. tit. 76, § 57.2(E). *See e.g.*, *Loomis v. Specialized Desanders, Inc.*, CIV-18-525-C, 2018 WL 4355205 (W.D. Okla. Sept. 12, 2018). In sum, like Plaintiff's negligence claim, Plaintiff has not alleged, with sufficient particularity, or at all, that Home Depot should be liable with respect to his products liability claim.

WHEREFORE, Defendant Home Depot U.S.A., Inc respectfully requests this Court dismiss Plaintiff's negligence and strict products liability claims against it in this action with prejudice and for any other relief this Court deems appropriate under the circumstances.

Respectfully submitted,

s/ *Hailey M. Hopper*
Hailey M. Hopper, OBA No. 31093
John H. Kim, OBA No. 31613
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, LLP
P.O. Box 26350
Oklahoma City, OK 73126
Telephone: (405) 235-1611
hhopper@piercecouch.com
jkim@piercecouch.com
***Attorneys for Defendant,***
***Home Depot U.S.A., Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Thomas J. Steece
OKLAHOMA LEGAL SERVICES, PLLC
12313 Hidden Forest Blvd.
Oklahoma City, OK 73142
Email: tom@oklalegalservices.com

***Attorney for Plaintiff***

s/ *Hailey M. Hopper*
Hailey M. Hopper