IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICKEY ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-589-SLP |
| ) | |
| HAIER US APPLIANCE SOLUTIONS, ) | |
| INC., a/k/a and/or d/b/a GE ) | |
| APPLIANCES, a foreign corporation, and ) | |
| HOME DEPOT U.S.A., INC., a foreign ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant Home Depot U.S.A., Inc.'s ("Home Depot's") Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 26]. Home Depot seeks dismissal of Plaintiff Mickey Rose's ("Plaintiff's") negligence and product liability claims raised against the entity. Plaintiff filed a Response [Doc. No. 33], and Home Depot has replied [Doc. No. 34]. For the reasons that follow, Home Depot's Motion is GRANTED in part and DENIED in part.

**I.   Background[1]**

This negligence and product liability action arises out of an alleged failure of a freezer handle of a refrigerator manufactured by Defendant Haier US Appliance Solutions, Inc. ("GE Appliances") and sold by Defendant Home Depot. *See* Am. Compl. [Doc. No.

---

[1] The Court accepts all well pleaded factual allegations in the Complaint as true and views them in the light most favorable to Plaintiff as the nonmoving party. *See Farmer v. Kansas State Univ.*, 918 F.3d 1094, 1102 (10th Cir. 2019).

23] ¶¶ 7, 11.  Plaintiff alleges on November 6, 2020, he purchased a General Electric refrigerator unit (the "Refrigerator") from Defendant Home Depot, which was installed by an employee(s)/agent(s) of Defendant Home Depot in Plaintiff's home on November 12, 2020.  *Id*. ¶¶ 7-8.  On December 11, 2021, the handle to the freezer drawer of the Refrigerator became detached when Plaintiff attempted to open the drawer, causing him to fall.  *Id*. ¶ 11.  Plaintiff suffered bodily injuries as a result of the fall.  *Id*. ¶ 12.  Plaintiff now brings claims against GE Appliances and Home Depot for negligence, product liability, and breach of express and/or implied warranty of merchantability.

II.  **Standard of Review**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal.  *Twombly*, 550 U.S. at 555.  The Court views the allegations in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor.  *See, e.g.*, *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

### III. Discussion

#### A. Negligence Claim

Plaintiff first asserts a negligence cause of action against Home Depot. [Doc. No. 23] at 2-5. "Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation." *Recker v. C.R. Bard, Inc.*, 491 F. Supp. 3d 1029, 1032-33 (W.D. Okla. 2020) (quoting *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015)). Home Depot asserts in its Motion that Plaintiff's allegations are conclusory and thus are not sufficient as a matter of law.

Plaintiff's Amended Complaint alleges that Home Depot "owed a duty to Plaintiff to use reasonable care in the delivery and installation of refrigerator units . . . ." [Doc. No. 23] at ¶ 15. Plaintiff then alleges Home Depot, by and through its agent(s)/employee(s), breached this duty during the delivery and installation process. *Id*. ¶ 16. Plaintiff contends that he used the Refrigerator in a "reasonable and foreseeable manner" without issue until December 11, 2021. *Id*. ¶ 10. Plaintiff alleges under one theory of liability[2] that the cause of the detachment of the handle of the Refrigerator and the resulting injuries to Plaintiff was due to the alleged failure of agent(s)/employee(s) of Home Depot to properly install the Refrigerator.

Plaintiff has alleged facts that are minimally sufficient for his general negligence claim against Home Depot to survive.

---

[2] It is permissible under the Federal Rules of Civil Procedure for Plaintiff to plead alternative theories of liability. *See* Fed. R. Civ. P. 8(d).

3

B. **Product Liability Claim**

Home Depot also moves for dismissal of Plaintiff's strict product liability claim. Oklahoma law provides:

> No product liability action may be asserted against a product seller other than the manufacturer unless:
>
> 1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or
>
> 2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or
>
> 3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or
>
> 4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or
>
> 5. The manufacturer is not subject to service of process under the laws of the state; or
>
> 6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

Okla. Stat. tit. 76 § 57.2(E). Home Depot contends that Plaintiff alleged no facts that would place Home Depot in any of the enumerated § 57.2(E) exceptions. In his Response, Plaintiff requests that further discovery is needed to determine if Home Depot meets any of the enumerated exceptions.

Another court in this District addressed the same issue of whether a Plaintiff is entitled to jurisdictional discovery regarding the § 57.2(E) exceptions before a motion to

4

dismiss may be granted. *See Shelton v. Sha Ent., LLC*, No. CIV-20-644-D, 2020 WL 6389858, at *2 (W.D. Okla. Oct. 30, 2020). The *Shelton* court rejected the need for discovery regarding this issue, noting "[d]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Id*. (internal quotations and citations omitted). Furthermore, the request for discovery as to the enumerated exceptions under § 57.2(E) was treated as a failure to allege facts sufficient under a *Twombly* motion to dismiss standard. *Id*.

This Court finds the *Shelton* decision persuasive. The Amended Complaint contains no allegations that would place Defendant Home Depot within one of the enumerated exceptions listed in Okla. Stat. tit. 76 § 57.2(E). In his Response, Plaintiff asserts that an unnamed Chinese corporation was involved in a phase of the design and/or manufacturing of the Refrigerator. [Doc. No. 33] at 5. Plaintiff's proposition that the *potential* presence of a Chinese corporation that *may* not be "subject to service of process under the laws of [Oklahoma]" entitles him to discovery does not convince the Court. Okla. Stat. tit. 76 § 57.2(E)(5). Plaintiff named the manufacturer of the Refrigerator, Defendant GE Appliances, in his Amended Complaint. Plaintiff's Amended Complaint contains no allegations relating to additional manufacturers or the unnamed Chinese corporation referenced in his Response brief. Furthermore, Plaintiff failed to allege any facts that would place Home Depot under any of the other exceptions under § 57.2(E).[3] As such, Plaintiff

---

[3] Plaintiff has brought claims of breach of express and/or implied warranty of merchantability against Home Depot. [Doc. No. 23] at *7-9. However, Plaintiff has failed to allege that Home

5

has failed to allege a viable strict product liability claim against Home Depot in his Amended Complaint.

Additionally, Plaintiff failed to allege a product liability claim under a negligence theory against Home Depot.  Under Oklahoma law, a product seller may only be liable under a negligence theory if:

1. The product seller sold the product involved in such action;

2. The product seller did not exercise reasonable care:

    a. in assembling, inspecting, or maintaining such product, or

    b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and

3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

Okla. Stat. tit. 76 § 57.2(G).  The second requirement of § 57.2(G) is what proves fatal to Plaintiff's negligence-based product liability claim.  While Plaintiff alleges that Home Depot delivered and installed the Refrigerator, Plaintiff failed to allege that Home Depot, the "product seller," negligently "assembled, inspected, or maintained" the Refrigerator.  To the extent that Plaintiff is asserting a product liability claim under a negligence theory against Home Depot under Okla. Stat. tit. 76 § 57.2(G), Plaintiff's claim is dismissed without prejudice.

---

Depot "made an express warranty as to such product independent of any express warranty made by" GE Appliances.  Okla. Stat. tit. 76 § 57.2(E)(3).

## IV. Conclusion

For the reasons set forth, Home Depot's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 26] is GRANTED in part and DENIED in part. Home Depot's Motion is DENIED as to Plaintiff's general negligence claim. Plaintiff's strict products liability claim and products liability claim under a negligence liability theory as to Home Depot are dismissed without prejudice.

IT IS SO ORDERED this 20th day of October, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE